IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMY COOK and DEVIN MUSCARELLA, *On Behalf of Themselves and All Others Similarly Situated*, <br><br>    Plaintiffs, <br><br> vs. <br><br> APPLEBEE'S SERVICES, INC., <br><br>    Defendant. | Case No. 13-cv-1289-SMY-SCW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Certify Class (Docs. 33). Defendant responded in opposition (Docs. 39), and both parties supplemented their briefings (Docs. 46 and 56).[1]

In their Complaint (Doc. 3), Plaintiffs allege that Defendant willfully violated the Illinois Minimum Wage Law ("IMWL") (Count I) and § 216(b) of the Fair Labor Standards Act ("FLSA") (Count II) by failing to inform tipped employees of the tip credit provisions of the law as required and by utilizing tipped employees for "back of the house duties" outside the scope of a tipped occupation while paying a "tip-credit rate" (Doc. 3, p. 2). Plaintiffs further allege that Defendant violated the Illinois Wage Payment and Collection Act ("IWPCA") by maintaining a vacation policy that denied hourly employees earned vacation benefits (Count III).

As an initial matter, Plaintiffs moved to certify IMWL and IWPCA classes at Doc. 6. However, in the instant motion (Doc. 33), Plaintiffs have not articulated a proposed class as to

---

[1] Plaintiffs filed an initial motion for class certification at Doc. 6 and requested a continuance of the motion pursuant to Damasco v. Clearwire Corp., 663 F.3d 891 (7th Cir. 2011). As Plaintiffs have now moved to certify class and filed a memorandum in support (Docs. 33-34), the "placeholder " motion to certify (Doc. 6) shall be **TERMINATED as MOOT**.

the IMWL claim (Count I) and only address their IWPCA claim (Count III).  As it appears to

The Court that Plaintiffs have abandoned their request for class certification as to Count I, the

request for class certification on the IMWL claim is **DENIED as MOOT.**

Federal Rule of Civil Procedure 23 governs the Court's analysis and requires Plaintiffs to satisfy the elements of numerosity, commonality, typicality, and adequacy of representation. *Messner v. Northshore Univ. Health Sys.*, 669 F.3d 802, 811 (7th Cir. 2012).  If those prerequisites are met, the Court must then determine if Plaintiffs satisfy one of the additional conditions articulated in Rule 23(b).  The Rule provides the Court with "broad discretion" to determine whether class certification is appropriate.  *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 596 (7th Cir. 1993).

The first element to be established is a class "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  Here, Plaintiffs cite to Defendant's Answers to Interrogatories wherein over five thousand hourly employees were estimated to have been employed in Illinois during the limitations period.  Defendant does not dispute that the proposed class of Illinois employees is sufficiently numerous (Doc. 32, p. 6, ¶ 15).  Therefore, the Court finds the "numerosity" requirement is satisfied.

The second element requires questions of law or fact common to the class.  Fed. R. Civ. P. 23(a)(2).  "A common nucleus of operative fact is usually enough to satisfy the commonality requirement" and factual variations among proposed class members will not prevent a finding of commonality.  *Rosario v. Livaditis*, 963 F.2d 1013, 1017-18 (7th Cir. 1992).  A single common question will do, and the determination of that question must resolve a central issue to each claim "in one stroke."  *Bell v. PNC Bank, Nat. Ass'n.*, 2015 WL 5093052 *11 (7th Cir., August 31, 2015), quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541 (2011).  Commonality questions

may necessarily overlap with merit contentions. *Wal-Mart*, 131 S.Ct. 2541 at 2545. Differences in damages amounts between members of the proposed class do not defeat commonality. *In re IKO Roofing Shingle Products Liab. Litig.*, 757 F.3d 599, 602 (7th Cir. 2014).

Plaintiffs argue that two common questions of law exist: (1) whether the vacation policy is a "length-of-service" policy under Illinois law, and (2) whether separating employees forfeited earned vacation pay as a result of the policy. The Court agrees with Defendant that to answer the second question, it would need to determine whether each individual class member *earned* vacation. If, however, the Court determines that the vacation policy is in fact a "length-of-service" policy that carries certain legal obligations regardless of Defendant's categorical separation of part-time and full-time employees, then a scenario may exist in which all proposed class members *have* earned vacation benefits.

The Court need not—and *should* not— decide the ultimate IWPCA issue in order to resolve the question of commonality. *See Bell, supra,* at \*13, quoting *Amgen Inc. v. Ct. Ret. Plans and Trust Funds*, 133 S.Ct. 1184 at 1191 (2013). The questions here, however, do not require deciding ultimate issues. There was no *discretion* in implementing the policy—it applied to each employee based on certain quantitative variables. *See Wal-Mart*, 131 S.Ct. at 2553-55; *Bell*, 2015 WL 5093052 at \*12. As such, the questions regarding the legality of the application of the policy and whether benefits were earned are common to all proposed class members.[2]

The third element, "claims or defenses of the representative parties… are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3), is closely related to commonality and is satisfied if the class representative's claims arise from the same practice or conduct as claims of proposed class members and are based on the same legal theory. *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998). Defendant contends that, because Plaintiffs recognize three forfeiture provisions

---

[2] Specific instances of forfeiture relate to damages, which need not be common to all class members.

(only one of which applied to Plaintiffs), the Court should find their claim not typical of the class.  The Court, however, interprets Plaintiffs' primary argument as an attack on the legality of imposing the forfeiture provisions in the vacation policy in the first place.  As such, Plaintiffs' claims are  in fact, typical of proposed class members because all employees were subject to the same allegedly illegal policy.

The fourth element requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  Defendant's main argument opposing the adequacy of representation is that Plaintiffs' claims are "frivolous" (Doc. 39, p. 13). However, the test for adequacy of representation is not directed to the merits of the claims. Rather, the requirements are that (1) the named class representative cannot have claims that are conflicting or antagonistic with other proposed class members, (2) the named class representative must have enough interest in the outcome to ensure vigorous advocacy, and (3) counsel for the named representative must be sufficiently experienced, qualified and competent to conduct the litigation.  *Robles v. Corp. Receivables, Inc.*, 220 F.R.D. 306, 314 (N.D. Ill. 2004).  Defendant does not dispute that Plaintiffs or their meet these requirements. Based upon its review of Plaintiffs claims and the experience of counsel (see Doc. 24-1, p. 67-75), the Court finds the elements for adequate representation have been met.

Having found that Plaintiffs' action meets the requirements of Rule 23(a), the Court now moves to the additional conditions articulated in Rule 23(b).  Of the three additional conditions, only one of which must be satisfied, Plaintiffs seek certification under Rule 23(b)(3) (Doc. 34, p. 14).  This condition requires the Court to find that the common questions of law or fact predominate over any questions affecting only individual members, and that a class action is superior to other available methods of fair and efficient adjudication.  Fed. R. Civ. P. 23(b)(3).

In making this determination, The Court looks to the class members' interests in individually controlling their own separate actions, the extent of any litigation concerning the controversy already in process, the level of desirability in concentrating the litigation in this particular forum, and the "likely difficulties in managing a class action." Fed R. Civ. P. 23(b)(3)(A-D).

The predominance requirement is met here, as the ultimate question is whether Defendant's vacation policy is in violates the IWPCA and is above any question that may affect only individual members. Further, as the only alternative would be separate individual actions, a class action is the superior method of adjudication. Finally, the relevant facts and circumstances do not suggest that a class action would be difficult to manage in this instance.

Having found the prerequisites and conditions satisfied, the Court hereby **GRANTS** Plaintiffs' motion and **CERTIFIES** the following class pursuant to Federal Rule of Civil Procedure 23:

> **All persons separated from hourly employment with Applebee's Services, Inc., in Illinois between December 13, 2003, and February 1, 2012, who were subject to Applebee's Vacation Policy and did not receive all earned vacation pay benefits.**

The Court defines the class issue as whether Defendant's vacation policy is a "length-of-service" policy that requires Defendant to compensate separating employees earned vacation pay under the IWPCA regardless of an employee's categorical designation by Defendant as a full-time or part-time employee, and whether separating employees forfeited earned vacation pay in violation of the IWPCA.

Next, pursuant to Federal Rule of Civil Procedure 23(g), the Court must appoint class counsel and in doing so, must consider the following: "the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions,

other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class." Fed.R.Civ.P. 23(g)(1)(A).  The Court may also consider other matters "pertinent to counsel's ability to fairly and adequately represent the interests of class" in making its appointment.  Fed.R.Civ.P. 23(g)(1)(B).

Plaintiffs' Counsel meet the standards set forth in Rule 23(g).  Both attorneys have submitted affidavits as to their competency and experience in handling class actions involving claims similar to those alleged here (Doc. 34-1, pp. 67-75).  Both attorneys are knowledgeable in the applicable law and both declare under perjury that they have resources to meet the economic burden of this litigation (*Id* at p. 70 and 75).   Accordingly, the Court **APPOINTS** Douglas M. Werman and Jamie G. Sypulski to serve as class counsel in this case.

Class counsel are **ORDERED** to prepare and submit to the Court, within fourteen (14) days of the date of this Order, a proposed **NOTICE** to the class to be personally served to each class member which satisfies the requirements set forth in Federal Rule of Civil Procedure 23(c)(2)(B). Objections, if any, may be filed within seven (7) days of the filing of the proposed notice.  Class members will be given sixty (60) days from the Court's approval of the notice to opt out of the action.  The notice shall include specific instructions for how members may do so.

**IT IS SO ORDERED.**

**DATE: September 28, 2015**                                        s/   *Staci M. Yandle*
                                                                                             **STACI M. YANDLE**
                                                                                             **DISTRICT JUDGE**